**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **AARON MARTIN, et al.,** § | |
| § | |
| **Plaintiffs,** § | |
| § | Civil Action No. 3:08-CV-0490-D |
| v. § | (Consolidated with Civil Action Nos. |
| § | 3:08-CV-0494-D, 3:08-CV-0502-D, |
| **GEORGE ZOLEY, et al.,** § | 3:08-CV-0505-D, 3:08-CV-0974-D, |
| § | 3:08-CV-1034-D, 3:08-CV-1101-D, |
| § | 3:08-CV-1185-D, 3:08-CV-1299-D, |
| **Defendants.** § | 3:08-CV-1495-D, and 3:08-CV-1768-D) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1)(B), the District Court referred Defendants' April 15, 2009 motion to dismiss the claims of Leroy Livingston (Doc. 153) to United States Magistrate Judge Paul D. Stickney for hearing, if necessary, and for recommendation. No response was filed, and a hearing is not required.

**FINDINGS AND CONCLUSIONS**

Leroy Livingston ("Livingston") alleges that he was injured due to smoke inhalation that he allegedly suffered on December 18 and 19, 2007, while he was incarcerated at the Sanders Estes Unit of the Texas Department of Criminal Justice, Institutional Division. Livingston initiated his proceeding pro se, and the Court allowed Livingston to proceed. The Court entered an Order which stated in pertinent part:

> It is further **ORDERED** that, at all times during the pendency of this action, plaintiff(s) shall immediately notify the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE TO THE COURT OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of the complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

(ORDER, Doc. 9.) On March 13, 2009, the District Court entered an Order and mailed a copy to

Livingston at 1992 Helton Road, Pampa, Texas 79065. On April 9, 2009, the Order was returned to the Court marked "Return to Sender[;]Attempted-Not Known[;] Unable to Forward." (Doc. 152.) The Court has not received any pleadings from Livingston since January 5, 2009. Livingston has not filed any notice of change of address. Defendants seek dismissal of Livingston's claims pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

## DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Livingston has failed to comply with the Court's Order to advise the Clerk in writing of his current address. The Court has no way to contact Livingston. His claims should be dismissed without prejudice for want of prosecution. FED. R. CIV. P. 41(b).

## RECOMMENDATION

The Court recommends that the District Court grant Defendants' Motion to Dismiss the claims of Leroy Livingston (Doc. 153), filed April 15, 2009, and dismiss Livingston's claims without prejudice for want of prosecution.

Signed, April 28, 2009.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).