**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| AARON MARTIN, et al., § | |
| § | |
| Plaintiffs, § | |
| § | Civil Action No. 3:08-CV-0490-D |
| v. § | (Consolidated with Civil Action Nos. |
| § | 3:08-CV-0494-D, 3:08-CV-0502-D, |
| GEORGE ZOLEY, et al., § | 3:08-CV-0505-D, 3:08-CV-0974-D, |
| § | 3:08-CV-1034-D, 3:08-CV-1101-D, |
| § | 3:08-CV-1185-D, 3:08-CV-1299-D, |
| Defendants. § | 3:08-CV-1495-D, and 3:08-CV-1768-D) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1)(B), the District Court referred Defendants' April 2, 2009 motion to dismiss (doc 149) to United States Magistrate Judge Paul D. Stickney for hearing, if necessary, and for recommendation. No response was filed, and a hearing is not required.

**FINDINGS AND CONCLUSIONS**

Joseph Drew Cochran ("Plaintiff") alleges that he was injured due to smoke inhalation that he allegedly suffered on December 18 and 19, 2007 while he was incarcerated at the Sanders Estes Unit of the Texas Department of Criminal Justice, Institutional Division. Plaintiff initiated his proceeding pro se and the Court allowed Plaintiff to proceed. The Court entered an Order which stated in pertinent part:

> It is further **ORDERED** that, at all times during the pendency of this action, plaintiff(s) shall immediately notify the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE TO THE COURT OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of the complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

(ORDER, Doc. 9.) On March 13, 2009, the District Court entered an Order and mailed a copy to Plaintiff. On March 27, 2009, the Order was returned to the Court marked "Return to

Sender[;]Attempted-Not Known[;] Unable to Forward." (Doc. 148.) The Court has not received any pleadings from Plaintiff at that address, or any other address, since September 25, 2008. Plaintiff has not filed any notice of change of address. Defendants seek dismissal, of Plaintiff's claims pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Plaintiff has failed to comply with the Court's Order to advise the Clerk in writing of his current address. The Court has no way to contact Plaintiff. His claims should be dismissed for want of prosecution. FED. R. CIV. P. 41(b).

## RECOMMENDATION

For the foregoing reasons, the Court recommends that the District Court grant Defendants' Motion to Dismiss (Doc. 149), filed April 2, 2009, and dismiss Plaintiff's claims without prejudice for want of prosecution.

Signed, April 28, 2009.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

  The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).