IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AARON MARTIN, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:08-CV-0490-D |
| v. | § | (Consolidated with Civil Action Nos. |
| | § | 3:08-CV-0494-D, 3:08-CV-0502-D, |
| GEORGE ZOLEY, et al., | § | 3:08-CV-0505-D, 3:08-CV-0974-D, |
| | § | 3:08-CV-1034-D, 3:08-CV-1101-D, |
| | § | 3:08-CV-1185-D, 3:08-CV-1299-D, |
| Defendants. | § | 3:08-CV-1495-D, and 3:08-CV-1768-D) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1)(B), the District Court referred Defendants' June 18, 2009 Motion to Dismiss (doc. 174) to United States Magistrate Judge Paul D. Stickney for hearing, if necessary, and for recommendation. No response was filed, and a hearing is not required.

**FINDINGS AND CONCLUSIONS**

Aaron Martin ("Plaintiff") alleges that he was injured due to smoke inhalation that he allegedly suffered on December 18 and 19, 2007 while he was incarcerated at the Sanders Estes Unit of the Texas Department of Criminal Justice. Plaintiff initiated his proceeding pro se and the Court allowed Plaintiff to proceed. The Court entered an Order which stated in pertinent part:

> It is further **ORDERED** that, at all times during the pendency of this action, plaintiff(s) shall immediately notify the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE TO THE COURT OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of the complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

(Doc. 9.) Plaintiff notified the Court of a change of address on March 3, 2009. He represented to the Clerk of Court that his new address was "Abode Treatment Inc., 701 S. Cherry Lane, White Settlement, TX. 76108." (Doc. 144.)

On three separate occasions, the District Court entered an Order and mailed it to Plaintiff; however they were returned as undeliverable. First, on June 5, 2009, the District Court entered an Order (doc. 166) and Judgment (doc. 167) and mailed a copy to Plaintiff. On June 15, 2009, the documents were returned to the Court marked, "Return to Sender[;] Not Deliverable as Addressed[;] Unable to Forward." (Doc. 171.) Second, on June 9, 2009, the District Court entered another Order (doc. 168) and mailed a copy to Plaintiff. On June 17, 2009, the Order was returned to the Court marked, "Return to Sender[;] Attempted Not Known[;] Unable to Forward." (Doc. 173.) Third, on June 30, 2009, the District Court entered an Order (doc. 175) and mailed a copy to Plaintiff. On July 13, 2009, the Order was returned to the Court marked, "Return to Sender[;] Not Deliverable as Addressed[;] Unable to Forward." (Doc. 177.)

On June 18, 2009, Defendants filed this motion to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

However, on July 14, 2009, the Court received information which allowed the Court to electronically update Plaintiff's address. Subsequently, the Court emailed documents 166, 167, 168, 174, 175, along with the docket sheet, to Plaintiff. The Court also informed Plaintiff that it is imperative that he notify the Court of any future updates on his address or email information.

## **RECOMMENDATION**

Because the Court has recently updated Plaintiff's address and has sent him documents 166, 167, 168, 174, 175, along with the docket sheet, the Court finds that Defendants' Motion to Dismiss for failure to prosecute is moot. Therefore, the Court recommends that the District Court deny without prejudice Defendants' Motion to Dismiss (doc. 174), filed June 18, 2009.

Signed, July 22, 2009.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).