IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AARON MARTIN, et al., § | |
| § | |
| Plaintiffs, § | |
| § | Civil Action No. 3:08-CV-490-D |
| v. § | |
| § | (Consolidated with Civil Action Nos. |
| § | 3:08-CV-0494-D, 3:08-CV-0502-D, |
| GEORGE ZOLEY, et al., § | 3:08-CV-0505-D, 3:08-CV-0974-D, |
| § | 3:08-CV-1034-D, 3:08-CV-1101-D, |
| § | 3:08-CV-1185-D, 3:08-CV-1299-D, |
| Defendants. § | 3:08-CV-1495-D, and 3:08-CV-1768-D) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1)(B), the District Court referred Defendants' September 8, 2009 motion to dismiss (doc. 189) to United States Magistrate Judge Paul D. Stickney for hearing, if necessary, and for recommendation. No response was filed. The Court finds that a hearing is not required.

**Findings and Conclusions**

Plaintiff Anthony Villarreal, Sr. ("Plaintiff") alleges that he was injured due to smoke inhalation that he allegedly suffered on December 18 and 19, 2007, while he was incarcerated at the Sanders Estes Unit of the Texas Department of Criminal Justice, Institutional Division. Plaintiff initiated his proceeding pro se, and the Court allowed Plaintiff to proceed. Before Plaintiff's case was consolidated with those of the other plaintiffs, the Court entered an Order which stated in pertinent part:

> Plaintiff shall notify the Court of any change of address by filing a written Notice of Change of Address with the Clerk. Failure to file such notice may result in this case being dismissed for want of prosecution

*Villarreal v. Zoley, et al.*, No. 3:08-CV-00494-D, Order (doc. 5), March 29, 2008.

In accordance with the Order, Plaintiff notified the Clerk of a change of address on July 27, 2009. The Clerk noted the change of address on the docket sheet. However, due to clerical error, the Clerk continued to send copies of orders to Plaintiff's old address at the Sanders Unit, and the orders were returned unclaimed. On September 8, 2009, Defendants filed this motion to dismiss Plaintiff's claims pursuant to FED. R. CIV. P. 41(b) for failure to prosecute. When the Clerk discovered the clerical error, it resent document nos. 185, 186, 194, and 195 to Plaintiff at his updated address. The mail to the updated address has not been returned.

The Clerk has corrected the error that caused Plaintiff's mail to be sent to his old address and documents sent to his updated address have not been returned. Therefore, the Court finds that Defendants' Motion to Dismiss for failure to prosecute should be denied without prejudice.

## Recommendation

Plaintiff is not out of compliance with the Court's order to keep the Clerk informed of his address. Therefore, the Court recommends that the District Court deny without prejudice Defendants' Motion to Dismiss (doc. 189), filed September 8, 2009.

Signed, October 20, 2009.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).