# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **AARON MARTIN, et al,** | § | |
| | § | |
| **Plaintiffs,** | § | **CIVIL ACTION NO. 3:08-CV-0490-D** |
| | § | **(consolidated with 3:08-CV-0494-D,** |
| **v.** | § | **3:08-CV-0502-D, 3:08-CV-0505-D,** |
| | § | **3:08-CV-0857-D, 3:08-CV-0974-D,** |
| **GEORGE ZOLEY, et al,** | § | **3:08-CV-1034-D, 3:08-CV-1101-D,** |
| | § | **3:08-CV-1185-D, 3:08-CV-1299-D,** |
| **Defendants.** | § | **3:08-CV-1495-D, and 3:08-CV-1768-D)** |

### Findings, Conclusions, and Recommendation of
### the United States Magistrate Judge

The District Court referred the "Motion to Proceed with Case" ("Motion," doc. 270) of Plaintiff Willie E. Hardeman ("Mr. Hardeman") to the United States Magistrate Judge. Defendants George Zoley, David C. McComis, Michael G. Ringer, Frederick Tunaitis, Richard Shufelt, Brenda Wilkerson, Benny Dunsworth, Shawna Jackson, Lonnie Bratcher, Daniel Simpson, Marlena S. Friddle, and Joseph Wright ("Defendants") oppose the relief requested.

If a plaintiff shows good cause, the Court can reinstate a case that the Court dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). *See Ford v. Sharp*, 758 F.2d 1018, 1021 (5th Cir. 1985). Factors relevant this Court's determination are: "(1) the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, (2) the degree of actual prejudice to the defendant, and (3) whether the delay was the result of intentional conduct." *Id.*

Plaintiff is proceeding pro se and states that the reason he failed to keep the Court informed of his address and participate in the case was due to the fact that he suffered a stroke. Defendants' argument that Mr. Hardeman's claims against them are barred by the statue of limitations is without merit. Mr. Hardeman sued Defendants before the limitation period expired. He does not seek to file

a new action against them. Rather, he is seeking to have his claims reinstated in this case. The Court has considered whether Defendants would suffer actual prejudice. Defendants have proceeded with the defense of this case against the other plaintiffs. The case is not set for trial. Defendants may take Plaintiff's deposition if they have not already done so. The Court concludes that Defendants would not be unduly prejudiced by any delay. Mr. Hardeman's failure to prosecute was not due to intentional misconduct. Rather, the Court finds it was a result of excusable neglect.

## Recommendation

The Court recommends that the District Court grant Plaintiff's "Motion to Proceed with Case."

SO ORDERED, December 23, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).