IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AARON MARTIN, et al., | ) |
| | ) No. 3:08-CV-0490-D-BF |
| Plaintiffs, | ) (Consolidated with Civil Action Nos. |
| | ) 3:08-CV-0494-D, 3:08-CV-0502-D, |
| v. | ) 3:08-CV-0505-D, 3:08-CV-0974-D, |
| | ) 3:08-CV-1034-D, 3:08-CV-1101-D, |
| GEORGE ZOLEY, et al., | ) 3:08-CV-1185-D, 3:08-CV-1299-D, |
| | ) 3:08-CV-1495-D, 3:08-CV-1768-D, |
| Defendants. | ) and 3:09-CV-2326-D) |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred Defendants' Motion to Dismiss, filed April 8, 2011, to the United States Magistrate Judge for findings and recommendation. (Order of April 12, 2011.) The time to file a response to the Motion has expired, and Plaintiff has failed to do so. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge follow:

## Background

On June 19, 2008, Plaintiff Charles Williams filed this complaint, Civil Action Number 3:08-CV-1034-D, under 42 U.S.C. § 1983, alleging that he was injured due to smoke inhalation while incarcerated in the Sanders Estes Unit of the Texas Department of Criminal Justice. Plaintiff was granted leave to proceed *in forma pauperis* and notified that he is required to notify the Court of any change of address by filing a written Notice of Change of Address with the Clerk. Plaintiff was further advised that failure to file such notice may result in this case's dismissal for failure to prosecute. (Order of June 19, 2008.) On March 29, 2011, the Court attempted to serve its Order Referring Motion and Order Adopting Findings and Recommendations on Plaintiff at the address provided to the Court. The correspondence was returned as undeliverable with the following notation: "Return to Sender; Attempted-Not Known; Unable to Forward." (Docket 293.) On April 5, 2011, the Court attempted to send Plaintiff its Order on

Motion for Miscellaneous Relief and Trial Setting Order. This mail was also returned as undeliverable. (Docket 294, 295.) Defendants filed this Motion to Dismiss, seeking dismissal for failure to prosecute, on April 8, 2011. On May 4, 2011, two Orders of Reference (docs. 297, 299) were returned as undeliverable. Plaintiff has failed to keep the Court advised of his address as he was ordered to do.

**Analysis**

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Plaintiff has failed to comply with the Court's Order of June 23, 2008 to advise the Clerk in writing of his current address. The Court has no way to contact Plaintiff. He has not received several Court orders, and he has not responded to Defendants' Motion to Dismiss. His complaint should be dismissed for want of prosecution.

**Recommendation**

For the foregoing reasons, the Court recommends that the District Court grant Defendants' Motion to Dismiss (doc. 296) and dismiss Plaintiff Charles Williams' Complaint (No. 3:08-CV-1034-D) without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

Signed May 26, 2011.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).