U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 29 2011
CLERK, U.S. DISTRICT COURT
By _____
   Deputy

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AARON MARTIN, et al, | § | |
| | § | CIVIL ACTION NO. 3:08-CV-0490-D-BF |
| Plaintiffs, | § | (consolidated with 3:08-CV-0494-D, |
| | § | 3:08-CV-0502-D, 3:08-CV-0505-D, |
| v. | § | 3:08-CV-0857-D, 3:08-CV-0974-D, |
| | § | 3:08-CV-1034-D, 3:08-CV-1101-D, |
| GEORGE ZOLEY, et al, | § | 3:08-CV-1185-D, 3:08-CV-1299-D, |
| | § | 3:08-CV-1495, and 3:08-CV-1768-D) |
| Defendants. | § | |

## CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this case to the United States Magistrate Judge for pretrial management. (Doc. 300.) A Motion for Summary Judgment (Doc. 308.) filed by Castro Roofing of Texas, LP ("Defendant" or "Castro") is before the Court for consideration.

On December 18, 2007, Plaintiff Gene Hinojosa ("Plaintiff") was an inmate of the Texas Department of Criminal Justice at the Sanders Estes Unit in Venus, Texas. (Doc. 315, p. 1.) Plaintiff filed his original complaint on March 20, 2008. (Doc. 1.) On September 28, 2010, Plaintiff filed an amended complaint adding Castro as a Defendant. (Doc. 273.) On May 26, 2011, Defendant filed its First Motion for Summary Judgment. (Doc. 308.) Plaintiff filed a Response on June 16, 2011. (Doc. 314.)

### Background

Plaintiff was an inmate of the Texas Department of Criminal Justice-Institutional Division at the Sanders Estes facility in Venus, Texas at all times relevant to this action. In his original complaint, Plaintiff sued various employees and correctional officers at the prison under 42 U.S.C.

1

§ 1983, alleging a federal civil rights claim. In his amended complaint, Plaintiff introduced a negligence claim against Defendant. Specifically, Plaintiff claims that: (1) on December 18, 2007, while working on the roof over the inmate living pods, Castro Roofing workers started a fire; (2) smoke from the fire began coming through the air conditioning vents from the roof into the inmates' living area; and (3) Plaintiff suffered smoke-inhalation damage as a result of this fire. (Doc. 273, p. 3.)

Defendant contends that summary judgment is proper because Plaintiff's claims and cause of action are barred by the statute of limitations. (Doc. 308, p. 2.)

## Facts of the Case

Plaintiff's complaints arose on December 18, 2007, when Defendant allegedly started a fire on the roof of Plaintiff's living pod. (Doc. 315, p. 1.) Defendant was replacing the roof at the Sanders Estes Unit. (Doc. 273, p. 3.) Though they had been notified of the smoke, the correctional officers chose not to evacuate Plaintiff and the other inmates from their cells. (Doc. 273, pp. 3-4.) Defendant failed to extinguish the fire, which burned over night and continued to produce smoke the next day. (Doc. 273, p. 4.) On the morning of December 19, 2007, the prison evacuated Plaintiff and the other inmates." (Doc. 273, p. 4.)

## Standard of Review

Summary judgment is appropriate when the pleadings and the evidence show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 322 (1986); *Melton v. Teachers Ins. & Annuity Assoc. of Am.*, 114 F.3d 557, 559 (5th Cir. 1997). The applicable substantive law identifies those facts that are material, and only disputes about material facts will preclude the granting of

summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). There is a genuine issue of fact if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Soc'y of Fin. Exam'rs v. Nat'l Ass'n of Certified Fraud Exam'rs, Inc.*, 41 F.3d 223, 226 (5th Cir. 1995).

The moving party bears the initial burden of showing that there is no genuine issue of fact for trial. *Nat'l Ass'n of Gov't Emp. v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 712 (5th Cir. 1994). Where the nonmoving party bears the burden of proof on a claim upon which summary judgment is sought, the moving party may discharge its summary judgment burden by showing an absence of evidence in support of the nonmoving party's case. *Celotex*, 477 U.S. at 325. Once a properly supported motion for summary judgment is presented, the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine issue for trial. *Elliott v. Lynn*, 38 F.3d 188, 190 (5th Cir. 1994) (citing *Anderson*, 447 U.S. at 249). Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. The Court will consider the record in the light most favorable to Plaintiff. *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion must be denied. *Anderson*, 477 U.S. at 250. However, a failure on the part of the nonmoving party to offer proof concerning an essential element of his case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists. *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006).

## Analysis

Plaintiff contends that Defendant (1) violated its duty to prevent injury to the inmates in the course of repairing the roof; (2) was negligent in starting a fire on the roof and failing to extinguish it; and (3) was the proximate cause of the injuries to Plaintiff's lungs and respiratory system. (Doc. 273, p. 8.)

Defendant filed a Motion for Summary Judgment under Rule 56(c) on the grounds that Plaintiff's claims and cause of action are barred by the two year statute of limitations. Under Texas law, "a person must bring suit for trespass for . . . personal injury . . . not later than two years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.003 (2009). Generally, "limitations begin to run when the fact of the injury is known, not when the alleged wrongdoers are identified." *Russell v. Ingersoll-Rand Co.*, 841 S.W.2d 343 (Tex. 1992) (internal citations omitted). Plaintiff does not dispute that his amended complaint was filed after the statutory two-year period was over. Rather, Plaintiff argues that "in equity, the statute of limitations should be tolled to allow [Plaintiff]'s claim against [Defendant]." (Doc. 315, p. 2.)

## The Equitable Tolling Doctrine

The Court finds that Plaintiff's circumstances are insufficient to warrant equitable tolling. "The decision to invoke equitable tolling is left to the discretion of the district court." *Cousin v. Lensing*, 310 F.3d 843, 847-48 (5th Cir. 2002), *cert. denied*, 539 U.S. 918 (2003). "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Lambert v. U.S.*, 44 F.3d 296, 298 (5th Cir. 1995). The Fifth Circuit holds that "equitable tolling shall apply where a plaintiff is prevented in an extraordinary way from asserting his rights." *Carter v. Tex. Dep't of Health*, 119 Fed. Appx. 577 (5th Cir. 2004) (holding that

attorney neglect was insufficient grounds for relief under the equitable tolling doctrine). "The petitioner bears the burden of proof concerning equitable tolling and must demonstrate rare and exceptional circumstances warranting application of the doctrine." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (quoting *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000)) (internal quotations omitted). The Fifth Circuit later clarified that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). Furthermore, the Fifth Circuit plainly stated that "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999), *cert. denied*, 531 U.S. 1035 (2000) (citations omitted). On the other hand, the Fifth Circuit "has held that such extraordinary circumstances exist where a petitioner is misled by an affirmative, but incorrect, representation of a district court on which he relies to his detriment." *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002). Thus, for the doctrine to be applied, Plaintiff must prove an extraordinary circumstance above and beyond his incarceration and ignorance of the law.

According to Plaintiff's original complaint, he received notice that the repair of the roof was the cause of the fire sometime between December 17 and December 19, 2007. (Doc. 316-1, pp. 41-43.) Plaintiff's original complaint was filed a few months later on March 21, 2008. (Doc. 316-1, p. 34.) Plaintiff's low IQ and education level did not prevent him from filing this complaint. That Plaintiff was not aware he could include the roofing company in his original complaint is not sufficient grounds for application of the equitable tolling doctrine. *See Cousin*, 310 F.3d at 848 (declining to apply equitable tolling where Plaintiff was unaware of filing fee deadline and failed to

pay on time); *Coleman*, 184 F.3d at 402 (holding "a petitioner's ignorance or mistake is insufficient to warrant equitable tolling."). Plaintiff has provided no evidence that he attempted to discover the identity of the roofing company and failed or that he was prevented in any way from including Defendant in his initial complaint. Plaintiff has not carried the burden of proving that he was unable to discover essential information relating to his claim. Accordingly, the Court holds that Plaintiff's circumstances, whether the product of ignorance or neglect, are not extraordinary such that equitable tolling is justified.

## Recommendation

The Court recommends that the District Court grant Defendant's Motion for Summary Judgment because Plaintiff's claims against Defendant are barred by the statute of limitations.

SO RECOMMENDED, June 29, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. See Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).