

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AARON MARTIN, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:08-CV-490-D |
| v. | § | |
| | § | (Consolidated with Civil Action Nos. |
| | § | 3:08-CV-0494-D, 3:08-CV-0502-D, |
| GEORGE ZOLEY, et al., | § | 3:08-CV-0505-D, 3:08-CV-0974-D, |
| | § | 3:08-CV-1034-D, 3:08-CV-1101-D, |
| | § | 3:08-CV-1185-D, 3:08-CV-1299-D, |
| Defendants. | § | 3:08-CV-1495-D, and 3:08-CV-1768-D) |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to a standing order of reference, the District Court referred non-dispositive motions to the United States Magistrate Judge for disposition and dispositive motions for findings, conclusions, and recommendation. Plaintiff Willie E. Hardeman has filed five motions for summary judgment (docs. 354, 362, 364, 367, 379) and one "brief/memorandum in support of summary judgment" (doc. 388).

Although a *pro se* litigant's pleadings are viewed liberally, such a litigant is not permitted to disregard the rules. *Cf. Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir.1981) (per curiam) (*pro se* litigant in habeas action) (holding that self-representation does not exempt party from compliance with relevant rules of procedural and substantive law and that, except for liberal construction of properly filed pleadings, *pro se* litigants acquire no greater rights than litigants represented by lawyers, and subject themselves to the established rules of practice and procedure).

The local rules for the Northen District of Texas provide that "a party may file no more than one motion for summary judgment." LR 56.2. Plaintiff filed his first Motion for Summary Judgment (doc. 354) on August 18, 2011. Accordingly, the Court will consider Plaintiff's first

summary judgment motion and recommend that the District Court summarily dismiss Plaintiff's second, third, fourth, and fifth motions for summary judgment (docs. 362, 364, 367, and 379) as filed in violation of Local Rule 56.2.

This case involves a claim by Plaintiff that he suffered lung damage as a result of the December 2007 fire at the Estes Unit of TDCJ-CID. Plaintiff claims the TDCJ-CID personnel left him and other inmates in their cells while a fire smouldered on the roof. Plaintiff contends the prison medical personnel failed to treat him for his lung damage. Defendants claim Eleventh Amendment and Qualified Immunity.

Plaintiff's Motion for Summary Judgment addresses only the deliberate indifference of the medical personnel, Defendants Ananda Babbilli, Kerri Hocking, Debbie Iredell, and Dr. Subhash Joshi in violation of the Eighth Amendment. Plaintiff bases his motion for summary judgment on a request that the Court review his medical records and conclude that he was treated with deliberate indifference. (Doc. 354 at ¶ II.) Plaintiff makes the conclusory allegation that "the medical staff did nothing but try to cover their mistake." (*Id.*) Plaintiff requests the Court to find that the Attorney General and Jefferson County Officials have lied to the Court and asks the Court to fine them. (*Id.* at ¶ IV-VII.)

### Standard of Review

Summary judgment is appropriate if the pleadings and summary judgment evidence show that there is no genuine issue with respect to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *see Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). The moving party bears the initial burden of identifying those

portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact. *Lynch Prop., Inc. v. Potomac Ins. Co. of Ill.*, 140 F.3d 622, 625 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 322-25).

The moving party may meet its initial burden "by 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the non-moving party's case." *Celotex*, 477 U.S. at 325. If the movant fails to meet its initial burden, the motion must be denied, irrespective of the non-movant's response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rule 56 does not require the reviewing court to sift through the record in search of evidence. *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n. 7 (5th Cir. 1992). Parties must "identify specific evidence in the record, and . . . articulate the 'precise manner' in which that evidence support[s] their claim." *Forsyth v. Barr*, 19 F.3d 1527, 1536 (5th Cir. 1994).

### Analysis

Plaintiff has failed to meet his initial burden of showing that there is an absence of evidence to support the Defendants' defenses of Eleventh Amendment and Qualified Immunity. *See Celotex*, 477 U.S. at 325.

Plaintiff's motion consists entirely of unsworn allegations, many of which have nothing to do with the facts of this case.[1] Additionally, Rule 56 provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record including depositions, documents, electronically stored information, affidavits or declarations,

---

[1] Some of Plaintiff's allegations in this motion concern a claim that doctors prescribed Ibuprofen for him knowing that he had Hepatitis C and then hid the facts with respect to why they suddenly confiscated his Ibuprofen from him. Plaintiff has not been allowed to amend his Complaint to include a claim that the medics improperly treated his Hepatitis C.

3

stipulations, admissions, interrogatory answers, or other competent summary judgment evidence. FED. R. CIV. P. 56(1)(A).

Plaintiff's motion relies entirely upon his unsworn allegations and unsupported accusations. Moreover, Plaintiff failed to comply with Local Rule 56.3 with respect to the required contents of the motion, and he did not file a brief in support of his motion for summary judgment as required by Local Rule 56.5 (d).[2]

### Recommendation

The Court recommends that Plaintiff's Motion for Summary Judgment (doc. 354) be dismissed for failure to meet the initial burden or other requirements of FED. R. CIV. P. 56 and for failure to meet the requirements of the Local Rules. The Court further recommends that Plaintiff's second, third, fourth, and fifth motions for summary judgment (docs. 362, 364, 367, and 379) be dismissed as filed in violation of Local Rule 56.2.

SO RECOMMENDED, October 25, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[2] The brief in support of summary judgment that Plaintiff filed on October 18, 2011 (doc. 388) pertains to document 379, Plaintiff's fifth motion for summary judgment.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).