IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AARON MARTIN, et al., § | |
| § | |
| Plaintiffs, § | |
| § | Civil Action No. 3:08-CV-490-D |
| v. § | |
| § | (Consolidated with Civil Action Nos. |
| § | 3:08-CV-0494-D, 3:08-CV-0502-D, |
| GEORGE ZOLEY, et al., § | 3:08-CV-0505-D, 3:08-CV-0974-D, |
| § | 3:08-CV-1034-D, 3:08-CV-1101-D, |
| § | 3:08-CV-1185-D, 3:08-CV-1299-D, |
| Defendants. § | 3:08-CV-1495-D, and 3:08-CV-1768-D) |

## CONCLUSIONS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

On January 4, 2012, the GEO Defendants and the UTMB Defendants filed a Motion to Strike the Motions for Summary Judgment (docs. 388, 413, 419, and 421-431) that Plaintiff Willie Hardeman ("Plaintiff" or "Hardeman") filed in October, November, and December of 2011. Defendants' Motion (doc. 432), is before the United States Magistrate Judge for Conclusions and Recommendation. Defendants correctly note that the deadline in this case for filing motions for summary judgment was September 30, 2011, and all of Hardeman's motions are untimely. Additionally, Defendants contend that Plaintiff moves for summary judgment on issues which are not before this Court such as negligence claims against the UTMB and GEO defendants and that Plaintiff seeks summary judgment against a defendant against whom Plaintiff has asserted no claims, Castro Roofing. Moreover, Defendants contend Plaintiff's motions are not in compliance with Local Rules 56.3-56.6.

Plaintiff is proceeding *pro se*. Although a *pro se* litigant's pleadings are viewed liberally, he is not permitted to disregard procedural or substantive rules. *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir.1981) (per curiam) (*pro se* litigant in habeas action) (holding that self-representation does

not exempt party from compliance with relevant rules of procedural and substantive law and that, except for liberal construction of properly filed pleadings, *pro se* litigants acquire no greater rights than litigants represented by lawyers, and subject themselves to the established rules of practice and procedure).

Defendants are correct in every respect. Plaintiff's motions are untimely, raise issues that are not before the Court, seek summary judgment against Castro Roofing whom Plaintiff never filed a complaint against, and are not in compliance with the Local Rules of this Court. The Clerk of Court should be instructed to strike Mr. Hardeman's summary judgment motions that he filed in October, November, and December.

### **Recommendation**

The Court recommends that the District Court grant Defendants' Motion (doc. 432) for the reasons stated and direct the Clerk of Court to strike Plaintiff Hardeman's pleadings that have been docketed as document numbers  388, 413, 419, and 421, 422, 423, 424, 425, 426, 427, 428, 429, 430, and 431.

**SO RECOMMENDED**, January 17, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these conclusions and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed conclusions and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).